# Turner, *et al.*, *v.* Lawson.

*Bill to Foreclose Mortgage for Balance Purchase Money of Land.*

[DECIDED DEC. 20, 1905, 39 So. REP. 755.]

1. *Covenants; Who Entitled to Enforce; Conveyance as Transfer.* The grantee of land by deed containing covenants of warranty, does not become the owner of his grantor's right of action against his grantor's vendor for damages for breach of a covenant of warranty, which was broken when made.

2. *Set-Off; Subject Matter; Judgments.*—Where a grantor warrants the right to cut timber from the land conveyed, and his grantee conveys the land to another, with the same warranty, and the last grantee cuts timber from the land and suffers a judgment for the penalty for timber thus cut, as belonging to another than either grantee, the party granting to the last grantee, not being a party to the judgment for the penalty, could not set off the amount of the penalty against his grantor's claim for purchase money.

3. *Covenants; Breach; Damages; Penalties Incurred by Covenantee.*—A grantee in a deed containing a warranty of the right to cut timber, which warranty was broken at time of making, the timber having been sold to another, cannot vol-

[Turner, *et al.* v. Lawson.]

untarily incur the penalty for cutting the timber, provided by statute, and hold his grantor's vendor responsible, by way of any abatement of the purchase money, for the whole or any part of the penalty.

4. *Equity; Pleadings; Demurrer to Cross Bill: Effect of Taking Issue.*—Damages not recoverable as a matter of law claimed in a cross bill will not be allowed, although issue is taken on the cross bill, after demurrer thereto has been overruled.

5 *Appeal; Reviewable Errors; Absence of Part of Evidence.*—The findings of the register, as to the question of damages, will not be reviewed by this court, where a part of the evidence upon which his finding is based is omitted from the record.

APPEAL from Birmingham City Court.

Heard before Hon. CHAS. A. SENN.

This is a bill filed by Lawson as administrator against Turner and the Turner Coal Company to foreclose a mortgage on certain lands given for the purchase price of said lands. The respondents by way of answer and cross bill sought to set off certain damages growing out of a breach of warranty contained in a deed made by complainants intestate to Turner of the right to cut timber on these lands for mining puropses. Demurrer was interposed to the cross bill, and being overruled issue was taken on said cross bill. It appeared that at the time of the execution of the deed to Turner and the taking of the mortgage to secure the purchase money, complainant's intestate had already sold and conveyed the timber on said land to one Glover. Turner afterwards conveyed these lands with the same covenant of warranty as to the right to cut timber for mining purposes to the Turner Coal Co., The Turner Coal Company went upon the lands and cut timber, and were penalized at the suit of Glover, under the statute, for cutting said timber. Turner sought to set this off as a breach of his covenant warranty, and the Turner Coal Co., did the same.

In his final decree, the chancellor held that Turner not being a party to the suit between Glover and the Turner Coal Company, had no right to set this judgment off as against the mortgage; and the Turner Coal Company, not taking by its deed from Turner, Turner's right of action for the breach of a warranty broken when made,

28

[Turner, *et al.* v. Lawson.]

could not set it off as an abatement of any part of the purchase price. From this decree this appeal is prosecuted.

J. L. DRENNEN, for appellant, contended first, that the measure of damages was not limited to the difference in the market value of the land with the trees on it, and without the trees, but, that the damages recovered by Glover was a proper subject of set-off as against the mortgage.—8 Am. & Eng. Ency. of Law (2d ed.), p. 190 and note; *Clark v. Zeigler,* 79 Ala. 346; *Snow's case,* 69 Ala. 112; *Kingsbury v. Milner,* 69 Ala. 502; *Willis v. Dudley,* 10 Ala. 933;

Second, that the decree of October 27th, 1904, was contrary to the decree of June, 1903, and that inasmuch as it annulled, vacated or altered the effect of that previous decree, it was invalid and erroneous.—*McQueen v. Whetstone,* 127 Ala. 417; 6 Am. & Eng. Ency. Pl. and Prac. p. 396.

Third, that the decree was contrary to the law and the evidence of the case.—Authorities supra; *Abernathy v. Bozeman,* 24 Ala. 189; *Copeland v. McAdory,* 100 Ala. 553; *Lanier v. Hill,* 25 Ala. 554; 19 Ency. Pl. and Pr. p. 719.

WILLIAM VAUGHAN, J. W. DAVIDSON and J. C. HAIL, for appellee; insisted that the defendants not having been evicted from the land, the judgment recovered by Glover against the Turner Coal Co., could not be set off against the mortgage; and that the eviction being partial the recovery for the eviction should be apportioned to the value of the whole property.—*Robb v. Freeman,* 59 Ala. 612.

Second, that a purchaser of land in possession under a deed with covenants of warranty, cannot resist the payment of purchase money at law or in equity, unless there was fraud in the sale, or his vendor is insolvent. *Hewes v. Hatchett,* 55 Ala. 339; *Wyett v. Carlington,* 56 Ala. 576; *Strong v. Waddell,* 56 Ala. 471.

Third, that the penalty recovered by Glover against the Turner Coal Company for cutting trees was not a proper subject of set off.—*Kelly v. Johnson,* 129 Ala. 627,

29 So. 672; *Burns v. Reeves*, 127 Ala. 127, 28 So. 554; *Rosser v. Bunn*, 66 Ala. 89.

TYSON, J.—The original bill in this cause was filed against the purchaser of a certain interest in a tract of land owned by complainant's intestate and sought the foreclosure of a mortgage executed to secure a purchase money note. It was subsequently amended by making the Turner Coal Company, a corporation, to whom the purchaser sold his interest in the land, a party respondent.

Complainant's intestate executed to R. H. Turner, the purchaser from him, a warranty deed and Turner in his deed to the Turner Coal Company also warranted the title.

The defense relied upon by Turner and the Coal Company is a breach of warranty, not as to the whole estate undertaken to be conveyed by the vendor and owner of the land, but as to a certain portion of the property described in the deed, to-wit; the right to cut and to the use of timber upon the land for the purpose of mining, etc. Prior to the acquisition of this deed, complainant's intestate, it appears, had conveyed this timber to one Glover who was in possession of it when the bill was filed and, indeed, when Turner made his purchase and received his deed.

The respondent Coal Company, after getting its deed from Turner, went upon the lands and cut from it a number of trees for which it was made liable in an action brought by Glover to recover the penalty provided by § 4137 of the Code.

One element of damages sought to be recovered by the respondents by way of set-off and claimed in their cross-bill is the judgment Glover recovered against the Coal Company amounting to $2,415.09 and the cost of the suit, at least to the extent of the complainant's demand.

The chancellor held that they were entitled to the difference in the market value of that portion of the land with the right to cut and use the trees and saplings thereon for mines and mining purposes, and the market value of that portion of said land without such timber rights. The effect of this holding was to deny to the re-

.spondents the right to have the mortgage debt sought to be enforced extinguished or abated by the judgment. In this ruling, the chancellor was correct.

If it could be affirmed, which it cannot, that the statutory penalties incurred by the Coal Company are recoverable damags for a breach of the covenant of warranty made by Turner's vendor .to him, the conveyance by Turner to the Coal Company did not operate as an assignment of his right of action for a breach of that covenant which was broken when made.—*Pinckard v. American Freehold Land oMrtgage Co.,* (Ala.) 39 South. 350.

Indeed, the Coal Company not being the owner of the damages sustained by Turner by a breach of the covenant which is a mere chose in action, is not entitled to have the mortgage debt abated at all. And Turner not being a party to the judgment, and therefore, not liable for the penalty recovered by Glover, is certainly not entitled to set it off against the complainant's demand. Moreover, had he been a party to the judgment, it is clear to us that he would not be entitled to abate the recovery against him on that account. He would not be permitted to voluntarily incur the penalty and mulct his vendor for the whole or a part of it. Such conduct would not be in defense of the seisin, but would be wrongful and unlawful.—*Cushman v. Blanchard,* 11 Am. Dec. 76.

It is of no consequence that these damages are claimed in the cross-bill and that issue was taken upon it after the demurrer to it had been overruled. If they are not recoverable as a matter of law, the court properly disallowed them.

It is next insisted that the amount of the damages suffered by the respondents and allowed by the court, which was deducted from the mortgage debt was too small. This matter was referred to the register and some of the testimony upon which he based his finding is not in the record. It is impossible, therefore, to affirm that his conclusion was erroneous. The decree appealed from must be

Affirmed.

SIMPSON, ANDERSON and DENSON. JJ., concurring.